IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**PAUL CRISWELL**                                                                                  **PLAINTIFF**

v.                                       Case No. 4:21-cv-00424-KGB

**RODNEY WRIGHT,** *et al.*                                                               **DEFENDANTS**

# ORDER

Plaintiff Paul Criswell, who was formerly an inmate at the Saline County Detention Center, filed a *pro se* complaint alleging Saline County Sheriff Rodney Wright and unidentified officers at the Saline County Detention Center (collectively "defendants") violated his federally-protected rights (Dkt. No. 1). Before the Court are Mr. Criswell's June 7, 2021; July 15, 2021; and September 29, 2021, applications to proceed without prepaying fees or costs (Dkt. Nos. 3, 6, 9). Also before the Court are several other motions including a motion for status update, a motion to compel, and a motion for copies (Dkt. Nos. 4,5,7).

Two of Mr. Criswell's applications to proceed in district court without prepaying fees or costs were filed while Mr. Criswell was in the Saline County Detention Center (Dkt. Nos. 3, 6). Because Mr. Criswell has filed a notice of change of address indicating that he is no longer an inmate at the Saline County Detention Center, the Court denies as moot his June 7, 2021, and July 15, 2021, applications to proceed in district court without prepaying fees or costs (Dkt. Nos. 3, 6). The Court will consider Mr. Criswell's most recent application to proceed in district court without prepaying fees or costs (Dkt. No. 9). The Court will also screen Mr. Criswell's complaint and then consider Mr. Criswell's other pending motions.

**I.     Application To Proceed Without Prepaying Fees Or Costs**

Under 28 U.S.C. § 1915, the decision to grant or deny an application to proceed without prepaying fees or costs is within the sound discretion of the district court. *Cross v. General Motors*

*Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983) (citations omitted). Although a claimant need not be "completely destitute" to take advantage of the *in forma pauperis* statute, she must show that paying the filing fee would result in an undue financial hardship. *In re Williamson*, 786 F.2d 1336, 1338 (8th Cir. 1986). In his application, Mr. Criswell states that he is unemployed and has no income and that he is homeless and living with family (Dkt. No. 9, ¶¶ 2, 6). The Court finds that Mr. Criswell does not have the ability to pay the filing fee without suffering an undue financial hardship and grants his application to proceed without prepaying fees or costs (Dkt. No. 9).

## II.   Background

Mr. Criswell brings this lawsuit against the Sheriff Wright and unidentified Doe defendants who are officers at the Saline County Detention Center under 42 U.S.C. § 1983 (Dkt. No. 1). Mr. Criswell explains that, on April 6, 2021, his representative contacted the Saline County District Court to inform the clerk that Mr. Criswell's temperature was over 100 degrees and to "request a reassessment of the callback or the circuit court date" (*Id*., at 1). The clerk refused and said she would issue a warrant (*Id*.).

Two weeks later, after Mr. Criswell's temperature subsided, he "surrendered with bondsmen to Pulaski County Circuit Court 3rd Division where that Court recalled the warrant and Saline County picked [him] up from" Pulaski County (*Id*.). On April 23, 2021, Mr. Criswell appeared before Judge Ford, who according to Mr. Criswell "refus[ed] evidence presented [and] refused to give a fair and impartial hearing." (*Id*.). Mr. Criswell was then incarcerated.

According to Mr. Criswell, he has continuously requested an appeal and a transcript of the proceedings (*Id*.). A Sergeant Bentley of the Saline County Detention Center told Mr. Criswell that no recording of the hearing existed (Dkt. No. 1, at 1-2).

Mr. Criswell lists the following for his statement of claim:

    (1)    Evidence submitted the court refused (a) the Sheriff's Office picked up Mr. Criswell from the 3rd Division in Pulaski County. (b) Mr. Criswell complied with Supreme Court mandate of March 17, 2020, (c) nothing else convicted revocation or [illegible] failure to appear.

    (2)    Mr. Criswell is detained in the Saline County Detention Center without a record of the proceedings.

    (3)    Mr. Criswell has continuously requested an appeal and the jail does not have E-filing for *pro se* individuals and has no regulations governing procedures to follow.

    (4)    There is no phone service available to contact legal counsel. Amanda with City Telecom of Brasier City, Louisiana, supervisor state on May 11, 2021, that they do not provide free phone calls. Officers have refused to provide unrecorded communication between attorney-client.

    (5)    Excessive bonds, Mr. Ford increased Mr. Criswell bond to $500,000.00.

(*Id.*, at 2).

Mr. Criswell seeks damages for his alleged unlawful incarceration, along with injunctive relief (*Id.*).

**III.**    **Screening**

The Court understands that Mr. Criswell is no longer incarcerated; pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, the Court must, however, screen Mr. Criswell's complaint to determine whether it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C.A. § 1915(e)(2); *Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016) ("Although some district courts have limited section 1915(e)(2)(B)(ii) pre-service dismissal to litigants who are prisoners, . . . all of the circuit courts to address the issue have held that nonprisoner complaints can be screened and dismissed pursuant to section 1915(e)(2)(B).") (citing *Michau v. Charleston Cty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *Lopez v. Smith*, 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000);

*McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) *overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In reviewing the sufficiency of a *pro se* complaint under the Court's screening function, the Court must give the complaint the benefit of a liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). The Court also must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez,* 504 U.S. 25, 32 (1992). Although *pro se* complaints are to be liberally construed, the complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985).

In its current form, Mr. Criswell 's complaint fails to state a claim on which relief can be granted.

### A. Official Capacity Claims Only

In his complaint, Mr. Criswell did not specify the capacity in which he sued defendants. The Court of Appeals for the Eighth Circuit has explained that, "[i]f the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity." *Artis v. Francis Howell North Band Booster Ass'n, Inc.,* 161 F.3d 1178, 1182 (8th Cir. 1998). Because Mr. Criswell did not name specifically any defendant in his or her individual capacity, the Court interprets Mr. Criswell's complaint as making official capacity claims only.

4

As mentioned above, Mr. Criswell sued Saline County Sheriff Rodney Wright and unidentified officers at the Saline County Detention Center.  "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity."  *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).  To establish municipal liability, Mr. Criswell must identify a policy, practice, or custom attributable to the municipality and show that the policy, practice, or custom caused directly his alleged constitutional injury.  *See Davis v. White*, 794 F.3d 1008, 1014 (8th Cir. 2015) (finding plaintiff "failed to present evidence showing how the Police Department's allegedly poor record keeping directly caused his injury.").  A municipality may also be liable for "failure to adopt or follow a needed policy or practice," and to make such a claim, "a plaintiff must show that his alleged injury was caused by municipal employees engaging in a widespread and persistent pattern of unconstitutional misconduct that municipal policymakers were either deliberately indifferent to or tacitly authorized."  *Id*. (*citing Russell v. Hennepin Cnty*., 420 F.3d 841, 949 (8th Cir. 2005)).

### B.   Calls To Counsel

Mr. Criswell alleges "there is no phone service available to contact legal counsel" (Dkt. No. 1, at 2).  He explains that he is not able to make free calls, and "officers have refused to provide unrecorded communication between attorney-client" (*Id*.).  Mr. Criswell has not provided any further information about these claims.  The Court interprets these allegations as policy or practice claims.

Mr. Criswell's allegations could be interpreted as raising a First Amendment access to the courts claim.  "To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the

hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Hartsfield v. Nichols*, 511 F.3d 826, 831–32 (8th Cir. 2008) (internal citation omitted). To prove actual injury, a prisoner must show that a nonfrivolous legal claim was frustrated or being impeded. *Id*. Mr. Criswell has not identified a nonfrivolous legal claim that was frustrated or being impeded. As such, Mr. Criswell's access to the courts claim as currently pled fails.

Mr. Criswell's allegations could also be interpreted as raising a Sixth Amendment right to counsel claim. "To establish a sixth amendment violation, a criminal defendant must show two things: first, that the government knowingly intruded into the attorney-client relationship; and second, that the intrusion demonstrably prejudiced the defendant . . . or created a substantial threat of prejudice." *U.S. v. Singer*, 785 F.2d 228, 234 (8th Cir. 1986) (*citing Weatherford v. Bursey*, 429 U.S. 545 (1977), among others omitted). Mr. Criswell's complaint as pled currently does not allege sufficiently a violation of the Sixth Amendment. For example, the Court cannot discern from the current complaint whether Mr. Criswell engaged in a telephone conversation with a lawyer or whether, if he did engage in such a call, the conversation was recorded. Further, the Court cannot determine from the face of the complaint whether defendants prohibited Mr. Criswell from contacting his attorney because he could not place a free call or because he feared his call would be recorded. The Court needs additional information to screen properly these potential claims.

### C. Remaining Claims

Mr. Criswell's remaining claims seem to be in connection with his arrest, continued detention, bond, and efforts to file an appeal (Dkt. No. 1). Mr. Criswell does not appear to allege that Mr. Wright or the Doe defendants were involved in these claims (*Id*.). Rather, Mr. Criswell

seems to direct these claims against Judge Ford and the Saline County courts, though Mr. Criswell has not named Judge Ford or any other court official as a defendant in this case (*Id.* at 1-2).

The Court notes that defendants may be joined in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). That considered, Mr. Criswell's remaining claims do not appear to be joined properly with his telephone-related claims. Accordingly, these remaining claims that appear to be directed to individuals who are not named defendants in this case will be dismissed. If Mr. Criswell wishes to pursue these claims, he may do so in a separate lawsuit.

### D. Personal Capacity Claims

To the extent that Mr. Criswell intended to pursue personal capacity claims against any defendant, he is advised that, in order to state a claim for relief under § 1983, the complaint must allege that a person acting under the color of state law deprived him of a constitutional or federally-protected statutory right and must state explicitly the capacity in which defendant is being sued – personal, official, or both. *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999). "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). Factual allegations must be sufficient to "raise a right to relief above the speculative level

. . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983.  *See Iqbal*, 556 U.S. at 678.

Mr. Criswell sued Mr. Wright and other unidentified officers of the Saline County Detention Center, but he did not include any specific allegations against them.  Mr. Criswell also did not identify explicitly the capacity in which he intended to sue these individuals.  If Mr. Criswell intends to make personal capacity claims, he must meet the pleading standard set forth above in his amended complaint.

### E.   Amended Complaint

Due to the deficiencies in his complaint, the Court directs Mr. Criswell to file an amended complaint under 42 U.S.C. § 1983.  Mr. Criswell's amended complaint should:  (1) identify and name as a defendant each person he believes violated his rights and whom he wishes to sue in this case; (2) provide specific facts against each named defendant in a simple, concise, and direct manner, including dates, times, and places, if applicable, *i.e.*, he should explain what each defendant allegedly did to violate his rights; (3) explain whether he is suing each defendant in his or her personal or official capacity or both capacities; (4) explain his reasons for making any official capacity claim; (5) state how he was harmed by the alleged violations; (6) describe the relief he seeks; and (7) otherwise cure the deficiencies identified above.

Mr. Criswell has 30 days from the date on which this Order is entered to comply with the Court's Order.  Failure to comply with this Order could result in the dismissal of this lawsuit.  *See* Local Rule of the United States District Court for the Eastern and Western Districts of Arkansas 5.5(c)(2) ("If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.").

### IV.   Other Motions

Case 4:21-cv-00424-KGB   Document 10   Filed 02/28/22   Page 9 of 10

In his motion for status update, Mr. Criswell seeks to know his "IFP Status" in this case (Dkt. No. 4). In this Order, the Court has addressed Mr. Criswell's ability to proceed without prepayment of fees or costs in this case; accordingly, the Court denies as moot the motion for status update (Dkt. No. 4).

In his motion to compel, Mr. Criswell seeks an order to compel the facility to "complete the [*in forma pauperis*] forms on Sargent Cory Griffins desk." (Dkt. No. 5, at 1). The Court denies as moot Mr. Criswell's motion to compel because Mr. Criswell is no longer incarcerated at the Saline County Detention Center (Dkt. No. 5).

In his motion for copies, Mr. Criswell asks for a copy of the docket sheet and copies of any documents after docket entry number six (Dkt. No. 7). The Court grants in part and denies in part Mr. Criswell's motion for copies. The Court grants Mr. Criswell's motion for a copy of the docket sheet in this case. Because all of the docket entries filed after docket entry number six were filed by Mr. Criswell, he should have copies of those documents; accordingly, the Court denies his motion for copies of all docket entries after docket entry number six. To the extent Mr. Criswell does not have such copies and persists in his request for these copies, Mr. Criswell may renew his motion for copies and specify by docket entry number those he seeks.

**V.    Conclusion**

It is therefore ordered that:

1.    The Court denies as moot Mr. Criswell's June 7, 2021, and July 15, 2021, applications to proceed without prepaying fees or costs (Dkt. Nos. 3, 6).

2.    The Court grants Mr. Criswell's application to proceed in district court without prepaying fees or costs filed September 29, 2021 (Dkt. No. 9).

9

3. The Court dismisses without prejudice Mr. Criswell's arrest, continued detention, bond, and appeal-related claims as improperly joined. If Mr. Criswell wishes to pursue those claims, he may do so in a separate lawsuit.

4. The Court denies as moot Mr. Criswell's motion for status update because the Court has addressed Mr. Criswell's application to proceed in district court without prepaying fees or costs in this Order (Dkt. No. 4).

5. The Court denies as moot Mr. Criswell's motion to compel because Mr. Criswell is no longer incarcerated at the Saline County Detention Center (Dkt. No. 5).

6. The Court grants in part and denies in part Mr. Criswell's motion for copies. The Court grants Mr. Criswell's motion for a copy of the docket sheet in this case; the Court directs the Clerk of the Court to send Mr. Criswell a copy of the docket sheet in this case. The Court denies Mr. Criswell's motion for copies of all docket entries after docket entry number six; Mr. Criswell may renew this motion for copies, if necessary.

7. The Court directs Mr. Criswell to file an amended complaint consistent with this Order within 30 days of the entry of this Order.

8. The Court directs the Clerk of the Court to send Mr. Criswell a blank § 1983 complaint form along with a copy of this Order.

9. Service is not appropriate at this time.

So ordered this 28th day of February, 2022.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge