**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

PAUL CRISWELL                                                                                    PLAINTIFF

v.                                      **Case No. 4:21-cv-00424-KGB**

RODNEY WRIGHT, *et al*.                                                               DEFENDANTS

## ORDER

 Before the Court are plaintiff Paul Criswell's motions for copies, motion to compel, and motion for appointment of counsel under Local Rule 83.7 (Dkt. Nos. 13; 14; 15; 16).  When Mr. Criswell brought this lawsuit, he was an inmate at the Saline County Detention Center.  He filed a *pro se* complaint alleging Saline County Sheriff Rodney Wright and unidentified officers at the Saline County Detention Center (collectively "defendants") violated his federally-protected rights (Dkt. No. 1).

 On September 14, 2021, Mr. Criswell filed a notice of change of address indicating that he was no longer an inmate at the Saline County Detention Center.  In an Order dated February 28, 2022, the Court granted an application for Mr. Criswell to proceed *in forma pauperis* (Dkt. No. 10).  Also in the Order granting the Mr. Criswell's application to proceed *in forma pauperis*, the Court screened Mr. Criswell's complaint and directed Mr. Criswell to file an amended complaint within 30 days of entry of the Order (*Id.*).  However, the Order was returned undeliverable on April 1, 2022 (Dkt. No. 11).  On June 13, 2022, Mr. Criswell filed a notice of change of address and request for information with the Court (Dkt. No. 12).  In the notice, Mr. Criswell states that he is in custody again, but he may be released on his next court date which is June 20, 2022 (Dkt. No. 12, at 1).

 On July 6, 2022, Mr. Criswell filed a motion for copies and motion to compel (Dkt. Nos 13; 14).  In his motion for copies, Mr. Criswell requests a copy of the docket sheet for this case

(Dkt. No. 13).  Mr. Criswell filed another motion for copies on September 26, 2022 (Dkt. No. 15).

Mr. Criswell states that he does not have his legal files, and he requests to obtain copies of each

case that is currently open with the Court (Dkt. No. 15).  For good cause shown, Mr. Criswell's

motions for copies are granted (Dkt. Nos. 13; 15).  The Clerk of the Court is directed to send Mr.

Criswell a copy of the docket sheet and a copy of Docket No. 10.

In his motion to compel, Mr. Criswell asks that the Court compel the Pulaski County

Regional Detention Facility ("PCRDF") to provide writing paper and envelopes to Mr. Criswell

for the purpose of communicating with the Court because he cannot afford to purchase these items

(Dkt. No. 14).  The Court denies Mr. Criswell's motion to compel (*Id.*).  A motion to compel under

Federal Rule of Civil Procedure 37 compels disclosure of proper discovery and is not used properly

to compel a non-party to a case to provide a party with supplies.

Mr. Criswell also filed a motion for appointment of counsel under Local Rule 83.7.  A *pro

se* litigant does not have a statutory or constitutional right to the appointment of counsel in a civil

case.  *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006); *Stevens v. Redwing*, 146

F.3d 538, 546 (8th Cir. 1998).  The Court may, however, in its discretion, appoint counsel for a *pro

se* plaintiff if the Court is convinced that the plaintiff has stated a non-frivolous claim and that "the

nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of

counsel." *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986).  In making this determination,

the Court must weigh the following factors:  (1) the factual and legal complexity of the case; (2)

the plaintiff's ability to investigate the facts; (3) the presence or absence of conflicting testimony;

and (4) the plaintiff's ability to present his claims.  *Phillips*, 437 F.3d at 794.  "These factors are

'by no means an exclusive checklist,' and the weight to be given any one factor will vary with each

case." *Johnson,* 788 F.2d at 1323.

Mr. Criswell's claims are neither legally nor factually complex.  Further, the record demonstrates that Mr. Criswell is capable of presenting his claims without appointed counsel. Under these circumstances, the pertinent factors do not weigh in favor of appointment of counsel at this time.  Accordingly, the Court denies without prejudice at this time Mr. Criswell's motion for appointment of counsel under local rule 83.7 (Dkt. No. 16)

It is therefore ordered that:

1.      The Court grants Mr. Criswell's motions for copies (Dkt. Nos. 13; 15).  The Clerk of the Court is directed to send Mr. Criswell a copy of docket sheet and Docket No. 10.

2.      The Court denies Mr. Criswell's motion to compel (Dkt. No. 14).

3.      The Court denies without prejudice at this time Mr. Criswell's motion for appointment of counsel under local rule 83.7 (Dkt. No. 16).

4.      Mr. Criswell must within 30 days of the date of this Order file an amended complaint that complies with the Court's Order dated February 28, 2022 (Dkt. No. 10).  Failure to file an amended complaint within 30 days of the date of this Order that complies with the Court's February 28, 2022, Order could result in the dismissal of this lawsuit. *See* Local Rule of the United States District Court for the Eastern and Western Districts of Arkansas 5.5(c)(2) ("If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.").

5.      The Court directs the Clerk of the Court to send Mr. Criswell a blank 42 U.S.C. § 1983 complaint form along with a copy of this Order.

So ordered this 3rd day of October, 2022.

_____
Kristine G. Baker
United States District Judge